# UNITED STATES DISTRICT COURT

for the
Western District of Washington

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.   MJ25-511 |
| SUBJECT PARCELS, more fully described in Attachment A | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

The Subject Parcels as further described in Attachment A-1 and A-2, which is attached hereto and incorporated herein by this reference.

located in the _____Western_____ District of _____Washington_____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), 843(b) | Distribution and Possession with Intent to Distribute Controlled Substances |
| 18 U.S.C. § 1716(j) | Unlawful use of a Communication Facility including the U.S. mails, to Facilitate the Distribution of Controlled Substances, Deposit of nonmailable items for mail or delivery |

The application is based on these facts:

☑ See attached Affidavit continued on the attached sheet

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

_____
*Applicant's signature*

Bradley A. Workman, United States Postal Inspector
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: _____08/18/2025_____

_____
*Judge's signature*

City and state: _____Seattle, Washington_____

Michelle L. Peterson, United States Magistrate Judge
*Printed name and title*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**ATTACHMENT A-1**

Parcel to be searched

SUBJECT PARCEL-1: One USPS Priority Mail Express parcel addressed to Bruce Hawes, 2730 93rd St Ct. S, Lakewood, Washington 98499, with a phone number of (235)282-1499. SUBJECT PARCEL-1 contains a return address of PO Box 10817, Newport Beach, CA, 92658, with a phone number of (206)2530311. SUBJECT PARCEL-1 measures approximately 15" x 2.5" x 11.625" and weighs approximately 6 ounces. SUBJECT PARCEL-1 is postmarked August 6, 2025, in Newport Beach, California and carries $38.80in postage. The USPS tracking number is ER121655647US.

SUBJECT PARCEL-1 is currently in the secured custody of the Seattle Division of the U.S. Postal Inspection Service at 10700 27th Ave., Seattle, WA 98168.

ATTACHMENT A-1
USAO #2025R00880

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

### ATTACHMENT A-2

Parcel to be searched


SUBJECT PARCEL-2: One USPS Priority Mail Express parcel addressed to Bruce Hawes, 2730 93rd St Ct. S, Lakewood, Washington 98499, with a phone number of (235)282-1499. SUBJECT PARCEL-2 contains a return address of Robert Sheridan, 9812 Double Rock Drive, Las Vegas, Nevada 89134, with a phone number of (702)506-5723. SUBJECT PARCEL-2 measures approximately 9.5" x 3" x 12.5" and weighs approximately 4 ounces.  SUBJECT PARCEL-2 is postmarked August 6, 2025, in Las Vegas, Nevada and carries $32.25in postage. The USPS tracking number is EI494203677US.


SUBJECT PARCEL-2 is currently in the secured custody of the Seattle Division of the U.S. Postal Inspection Service at 10700 27th Ave., Seattle, WA 98168.

ATTACHMENT A-2
USAO #2025R00880

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## **ATTACHMENT B-1**

2

Items to be Seized

3    The following items that constitute evidence, instrumentalities, or fruits of

4    violations of Title 21, United States Code, Section(s) 841(a)(1) and 843(b), and Title 18,

5    United States Code, Section 1716:

6    a.    Controlled substances including, but not limited to, cocaine, fentanyl,

7    heroin, lysergic acid diethylamide, marijuana, methamphetamine, 3,4-methylenedioxy-

8    methamphetamine, steroids, synthetic opiates, and any other controlled substance listed

9    in the Drug Enforcement Administration Scheduling of Controlled Substances; as well as

10    any precursor chemicals or substances used to manufacture controlled substances;

11    b.    Monetary instruments, including but not limited to, currency, money

12    orders, bank checks, or gift cards;

13    c.    Controlled substance-related paraphernalia;

14    d.    Documentary evidence relating to the purchase, sale, and/or distribution of

15    controlled substances;

16    e.    Notes, letters and other items which communicate information identifying

17    the sender and/or recipient or pertaining to the contents of the mailing;

18    f.    Fingerprints and/or handwriting, to identify who handled and/or mailed the

19    package; and

20    g.    Items used to conceal controlled substances and/or proceeds.

21

22

23

24

25

26

27

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **ATTACHMENT B-2**

Items to be Seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section(s) 841(a)(1) and 843(b), and Title 18, United States Code, Section 1716:

      b.      Controlled substances including, but not limited to, cocaine, fentanyl, heroin, lysergic acid diethylamide, marijuana, methamphetamine, 3,4-methylenedioxy-methamphetamine, steroids, synthetic opiates, and any other controlled substance listed in the Drug Enforcement Administration Scheduling of Controlled Substances; as well as any precursor chemicals or substances used to manufacture controlled substances;

      b.      Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

      c.      Controlled substance-related paraphernalia;

      d.      Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

      e.      Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing;

      f.      Fingerprints and/or handwriting, to identify who handled and/or mailed the package; and

      g.      Items used to conceal controlled substances and/or proceeds.

ATTACHMENT B-2
USAO #2025R00880

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  **STATE OF WASHINGTON**       )

2                                )        ss

3  **COUNTY OF KING**            )

4

5                            **AFFIDAVIT**

6      I, Bradley A. Workman, United States Postal Inspector, United States Postal

7  Inspection Service, Seattle, Washington, having been duly sworn, state as follows:

8                          **BACKGROUND**

9      1.      **Affiant Background.**  I am a Postal Inspector with the United States Postal

10  Inspection Service (USPIS), assigned to investigate the unlawful transportation of

11  contraband, including Title 21 controlled substances, through the United States (U.S.)

12  mail.  I have been a Postal Inspector since July 2024 and am currently assigned to the

13  Seattle Division Headquarters office, located in Seattle, Washington.  As part of my

14  duties, I investigate the use of the United States Postal Service (USPS) to illegally mail

15  and receive controlled substances, the proceeds of drug trafficking, and instrumentalities

16  associated with drug trafficking, in violation of Title 21, United States Code, Sections

17  841(a)(1) (distribution and possession with intent to distribute controlled substances), and

18  843(b) (unlawful use of a communication facility, including USPS, to facilitate the

19  distribution of controlled substances).  I have completed the Criminal Investigation

20  Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia

21  and have received specialized training in the investigation of controlled substances in the

22  U.S. mails.  I have also received training on the identification of controlled substances

23  and interdiction of controlled substances.

24      2.      **Duties, Training & Experience.** As part of my current duties, I investigate

25  the use of the U.S. mails to illegally mail and receive controlled substances, the proceeds

26  of drug trafficking, as well as other instrumentalities associated with drug trafficking, in

27  violation of Title 21, United States Code, Sections 841(a)(1) (distribution of controlled

AFFIDAVIT OF BRADLEY A. WORKMAN - 1
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

substances) and 846 (Conspiracy to Distribute Controlled Substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances), and Title 18, United States Code, Section 1716(j) (deposit of nonmailable items for mail or delivery). As set forth below, my training and experience includes identifying parcels with characteristics of criminal activity. During the course of my employment with the United States Postal Inspection Service (USPIS), I have participated in criminal investigations involving suspicious parcels and controlled substances.

3.      The information contained in this affidavit is based upon knowledge I gained from my investigation, my personal observations, my training and experience, and my conversations with other Inspectors, agents, and officers. Because the purpose of this affidavit is limited to setting forth probable cause to search the SUBJECT PARCEL, I have not set forth every fact of which I am aware pertaining to the investigation.

4.      From my training and experience, I am aware that the (USPS) mail system is often used to transport controlled substances and/or the proceeds from the sales of controlled substances throughout the United States. I have learned and observed that drug traffickers often put controlled substances and proceeds in the same parcel. I am also aware that proceeds from the sales of controlled substances are transported in the form of cash, money orders, and other monetary instruments. I am aware that cash, as well as money orders purchased with cash, are desirable forms of payment for drug traffickers, given that they are difficult for law enforcement to track. I also know that drug traffickers prefer mail/delivery services such as USPS Priority Mail Express, Priority Mail, and Ground Advantage because of the reliability of this service as well as the ability to track the article's progress to the intended delivery point. From my training and experience, I have learned when a drug trafficker becomes aware that a mailed article has not arrived as scheduled, s/he becomes suspicious of any delayed attempt to deliver the item.

AFFIDAVIT OF BRADLEY A. WORKMAN - 2
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.      In addition, I am aware that the USPS Priority Mail Express service was custom-designed to fit the needs of businesses by providing overnight delivery for time sensitive materials. Business mailings often contain typewritten labels, are in flat cardboard mailers, and usually weigh less than eight (8) ounces. In addition, businesses using corporate charge accounts may print their account number and phone number on the USPS Priority Mail Express label in order to expedite transactions with USPS.

6.      Based on my training and experience regarding USPS Priority Mail operations, I am aware that the Priority Mail service was created as a less expensive alternative to Priority Mail Express, but designed to provide quicker, more reliable service than standard First-Class Mail. Whereas a customer mailing an article via Priority Mail Express expects next day to two-day delivery service, a customer who mails an article via Priority Mail can expect two to three-day delivery service. The USPS provides a tracking service through a tracking number, which allows the customer to track a parcel and confirm delivery.

7.      Based on my training and experience concerning the use of the mail for the transportation of controlled substances and/or proceeds from the sales of controlled substances, I am aware that these parcels usually contain some or all of the following characteristics:

a.      USPS Priority Mail Express, Priority Mail, and Ground Advantage are common classes of mail utilized by drug traffickers as the contraband typically arrives on a predictable date and is trackable by the customer. These classes of mail are used as they are protected from warrantless searches. Unlike private delivery services (FedEx, UPS, DHL, etc.), USPS parcels typically cannot be searched without a federal search warrant or an applicable exception to the warrant requirement (e.g., exigent circumstances). This level of protection offers shippers of controlled substances and/or proceeds from

AFFIDAVIT OF BRADLEY A. WORKMAN - 3
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    controlled substances a perceived level of protection against potential

2    detection and arbitrary search and seizure.

3    b.    USPS Priority Mail Express, Priority Mail, and Ground Advantage parcels

4    containing controlled substances and/or proceeds are often distinguishable

5    from typical business mailings as they do not bear any advertising on the

6    mailing container/box and are typically mailed from one individual to

7    another.

8    c.    The sender and/or recipient information on USPS Priority Mail Express,

9    Priority Mail, and Ground Advantage packages containing controlled

10    substances and/or proceeds often are either fictitious or inaccurate in an effort

11    to hide the true identity of the person(s) shipping and/or receiving controlled

12    substances/proceeds from law enforcement. This can include a fictitious

13    address, a real address and the name of a fictitious business or person, an

14    incomplete return address, no return address, a return address that is the same

15    as the recipient address, or a return address that is distant from the location

16    that the parcel is mailed from.

17    d.    The zip codes for the sender addresses on USPS Priority Mail Express,

18    Priority Mail, and Ground Advantage parcels containing controlled

19    substances and/or proceeds are often different from the zip codes from those

20    where the parcels are accepted by the USPS. This is another method of

21    avoiding law enforcement detection.

22    e.    USPS Priority Mail Express, Priority Mail, and Ground Advantage parcels

23    containing controlled substances and/or proceeds are often heavily taped with

24    tape on the seams of the parcel in an effort to conceal scent. It is common for

25    contraband to be packaged within several layers inside the parcel, such as in

26    a smaller box which is itself sealed in a similar fashion, or within layers of

27    mylar bags and/or other bags. Sometimes, perfumes, coffee, dryer sheets, or

AFFIDAVIT OF BRADLEY A. WORKMAN - 4
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    other strong-smelling substances are used to mask the odor of controlled

2    substances, proceeds of the illegal sale of controlled substances, and/or

3    facilitation funds being shipped.

4    f.    USPS Priority Mail Express, Priority Mail, and Ground Advantage parcels

5    containing controlled substances and/or proceeds commonly either: (a) are

6    destined for an area known to be a frequent destination point for controlled

7    substances, having been mailed from an area known to be a source area for

8    controlled substances; or (b) originated from an area known to be a frequent

9    origination point for proceeds from the sale of controlled substances, having

10   been mailed to an area known to be a destination area for proceeds from the

11   sale of controlled substances.

12   g.    It is common for shippers of controlled substances and/or proceeds using

13   USPS Priority Mail Express, Priority Mail, and Ground Advantage to pay for

14   postage with cash in lieu of credit or debit cards, in order to remain

15   anonymous.

16   h.    Unlike typical USPS Priority Mail Express business mailings which usually

17   have typed labels that include a telephone number, USPS Priority Mail

18   Express packages containing controlled substances and/or proceeds often

19   have handwritten address information and no telephone number or a fictitious

20   telephone number. In addition, the address information often contains

21   misspelled words or incomplete/incorrect addresses. This is done in an effort

22   to help conceal the identities of the individuals involved.

23   i.    USPS Priority Mail Express parcels containing controlled substances and/or

24   proceeds often either waive or do not request a recipient signature upon

25   delivery of the parcel. This can allow the parcel to be delivered without the

26   recipient having to sign for the parcel, protecting the anonymity of the

27   recipient.

AFFIDAVIT OF BRADLEY A. WORKMAN - 5
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.    Inspectors who encounter a parcel with any or all of the above characteristics often further scrutinize the parcel by, among other tactics, conducting address verifications using law enforcement databases and conducting trained narcotic-detecting canine examinations.

**ITEMS TO BE SEARCHED**

9.    As set forth in Attachments A-1 and A-2, This affidavit is being submitted in support of an application for a search warrant for two USPS Priority Mail Express parcels (hereinafter, the "SUBJECT PARCELS"). The SUBEJCT PARCELS are believed to contain controlled substances or proceeds from the sale of controlled substances. The SUBJECT PARCELS are currently in the secured custody of the Seattle Division of the U.S. Postal Inspection Service at 10700 27th Ave., Seattle, WA 98168.

10.    SUBJECT PARCEL-1 is further described as follows:  One USPS Priority Mail Express parcel addressed to Bruce Hawes, 2730 93rd St Ct. S, Lakewood, Washington 98499, with a phone number of (235)282-1499. SUBJECT PARCEL-1 contains a return address of PO Box 10817, Newport Beach, CA, 92658, with a phone number of (206)2530311. SUBJECT PARCEL-1 measures approximately 15" x 2.5" x 11.625" and weighs approximately 6 ounces.  SUBJECT PARCEL-1 is postmarked August 6, 2025, in Newport Beach, California and carries $38.80 in postage. The USPS tracking number is ER121655647US.

11.    SUBJECT PARCEL-2 is further described as follows:  One USPS Priority Mail Express parcel addressed to Bruce Hawes, 2730 93rd St Ct. S, Lakewood, Washington 98499, with a phone number of (235)282-1499. SUBJECT PARCEL-2 contains a return address of Robert Sheridan, 9812 Double Rock Drive, Las Vegas, Nevada 89134, with a phone number of (702)506-5723. SUBJECT PARCEL-2 measures approximately 9.5" x 3" x 12.5" and weighs approximately 4 ounces.  SUBJECT PARCEL-2 is postmarked August 6, 2025, in Las Vegas, Nevada and carries $32.25 in postage. The USPS tracking number is EI494203677US.

AFFIDAVIT OF BRADLEY A. WORKMAN - 6
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ITEMS TO BE SEIZED**

12.     This application requests that law enforcement officers and agents be authorized to seize the following items from the SUBJECT PARCELS, which constitute the fruits, instrumentalities, and evidence of mailing and distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances):

    a.     Controlled substances, including, but not limited to, cocaine, fentanyl, heroin, lysergic acid diethylamide, marijuana, methamphetamine, 3,4-methylenedioxy-methamphetamine, steroids, synthetic opiates, and any other controlled substance listed in the Drug Enforcement Administration Scheduling of Controlled Substances; as well as any precursor chemicals or substances used to manufacture controlled substances;

    b.     Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

    c.     Controlled substance-related paraphernalia;

    d.     Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

    e.     Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing;

    f.     Fingerprints and/or handwriting, to identify who handled and/or mailed the parcel; and

    g.     Items used to conceal controlled substances and/or proceeds.

**THE INVESTIGATION**

13.     On August 7, 2025, within the Western District of Washington, investigators conducted an electronic review of USPS Priority Mail Express and Priority

AFFIDAVIT OF BRADLEY A. WORKMAN - 7
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Mail parcels. The emphasis of the review was targeting inbound and outbound parcels suspected of containing controlled substances and/or proceeds from the distribution of controlled substances. During the review, investigators initially identified SUBJECT PARCEL-1 as suspicious due to its point of origin, address destination, and because its postage was paid for in cash. That same day, while electronically reviewing parcels inbound to Western District of Washington, investigators also identified SUBJECT PARCEL-2 as suspicious, as it was destined for the same address as SUBJECT PARCEL-1, also had its postage paid in cash, and had similar weight and dimension characteristics to SUBJECT PARCEL-1.

14.    On August 8, 2025, the SUBJECT PARCELS were removed from the mail stream in Lakewood, Washington. The SUBJECT PARCELS are currently in the secured custody of the U.S. Postal Inspection Service office located at 10700 27th Ave S., Seattle, Washington 98168.  When presented with both SUBJECT PARCELS, I also observed both contained handwritten labels.

15.    Using USPS and law enforcement databases, I researched the sender's name and address listed on SUBJECT PARCEL-1. According to open-source databases, an individual with the name Francis Noreiga is ***not*** associated with PO Box 10817, Newport Beach, CA, 92658. Further research revealed no individual named Francis Noriega affiliated with any address in Newport Beach, California. According to USPS business records, the PO Box listed on SUBJECT PARCEL-1 is attributed to USPS customer Katelynn ANGELO, with a customer address located in Newport Beach, California.  Further, open-source records revealed the phone number listed on the return address is affiliated with Katelynn ANGELO.

16.    Using USPS and law enforcement databases, I also researched the recipient's name and address listed on SUBJECT PARCEL-1. I learned that the address "2730 93rd St Ct. S, Lakewood, Washington 98499" is a true and deliverable address.

AFFIDAVIT OF BRADLEY A. WORKMAN - 8
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Additionally, I learned the name Bruce Hawes *is* associated with "2730 93rd St Ct. S, Lakewood, Washington 98499".

17.    Next, using USPS and law enforcement databases, I researched the sender's name and address listed on SUBJECT PARCEL-2, which revealed the address "9812 Double Rock Drive, Las Vegas, Nevada 89134" is a true and deliverable address. According to open-source databases, an individual with the name Robert Sheridan is ***not*** associated with the address. Further research of similar addresses revealed Katelynn ANGELO, the owner of the PO Box listed on SUBEJCT PARCEL-1, is affiliated with 9816 Double Rock Drive, Las Vegas, Nevada 89134, the address geographically next door to the return address.

18.    Again, using USPS and law enforcement databases, I researched the recipient's name and address listed on SUBJECT PARCEL-2, which revealed the address "2730 93rd St Ct. S, Lakewood, Washington 98499" is a true and deliverable address, with the name Bruce Hawes associated with "2730 93rd St Ct. S, Lakewood, Washington 98499".

19.    Based upon this information, on August 8, 2025, I requested the assistance of Cory Stairs, Canine Officer with the Port of Seattle Police Department (POSPD), and his canine partner, Poncho. On August 11, 2025, POSPD Officer Stairs applied his canine partner separately to SUBJECT PARCEL-1 and SUBJECT PARCEL-2. Poncho alerted to both parcels, indicating he had detected the odor of a controlled substance emitting from each of the SUBJECT PARCELS.

//

//

//

AFFIDAVIT OF BRADLEY A. WORKMAN - 9
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**CONCLUSION**

2      20.    Based on the facts set forth in this Affidavit, I submit that there is probable

3  cause to conclude the SUBJECT PARCELS contain controlled substances, currency,

4  documents, or other evidence, more fully identified in Attachments B-1 and B-2, that

5  relate to the aforementioned crimes.

6

7

8      _____

9      Bradley A. Workman, Affiant
       U.S. Postal Inspector, USPIS

10

11

12      The above-named agent provided a sworn statement attesting to the truth of the

13  foregoing affidavit by reliable electronic means on the 18th day of August, 2025.

14

15      _____

16      MICHELLE L. PETERSON
       United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

AFFIDAVIT OF BRADLEY A. WORKMAN - 10
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT A-1**

Parcel to be searched

SUBJECT PARCEL-1: One USPS Priority Mail Express parcel addressed to Bruce Hawes, 2730 93rd St Ct. S, Lakewood, Washington 98499, with a phone number of (235)282-1499. SUBJECT PARCEL-1 contains a return address of PO Box 10817, Newport Beach, CA, 92658, with a phone number of (206)2530311. SUBJECT PARCEL-1 measures approximately 15" x 2.5" x 11.625" and weighs approximately 6 ounces.  SUBJECT PARCEL-1 is postmarked August 6, 2025, in Newport Beach, California and carries $38.80in postage. The USPS tracking number is ER121655647US.

SUBJECT PARCEL-1 is currently in the secured custody of the Seattle Division of the U.S. Postal Inspection Service at 10700 27th Ave., Seattle, WA 98168.

ATTACHMENT A-1
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**ATTACHMENT A-2**

Parcel to be searched

SUBJECT PARCEL-2: One USPS Priority Mail Express parcel addressed to Bruce Hawes, 2730 93rd St Ct. S, Lakewood, Washington 98499, with a phone number of (235)282-1499. SUBJECT PARCEL-2 contains a return address of Robert Sheridan, 9812 Double Rock Drive, Las Vegas, Nevada 89134, with a phone number of (702)506-5723. SUBJECT PARCEL-2 measures approximately 9.5" x 3" x 12.5" and weighs approximately 4 ounces.  SUBJECT PARCEL-2 is postmarked August 6, 2025, in Las Vegas, Nevada and carries $32.25in postage. The USPS tracking number is EI494203677US.

SUBJECT PARCEL-2 is currently in the secured custody of the Seattle Division of the U.S. Postal Inspection Service at 10700 27th Ave., Seattle, WA 98168.

ATTACHMENT A-2
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### ATTACHMENT B-1

Items to be Seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section(s) 841(a)(1) and 843(b), and Title 18, United States Code, Section 1716:

a.    Controlled substances including, but not limited to, cocaine, fentanyl, heroin, lysergic acid diethylamide, marijuana, methamphetamine, 3,4-methylenedioxy-methamphetamine, steroids, synthetic opiates, and any other controlled substance listed in the Drug Enforcement Administration Scheduling of Controlled Substances; as well as any precursor chemicals or substances used to manufacture controlled substances;

b.    Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

c.    Controlled substance-related paraphernalia;

d.    Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e.    Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing;

f.    Fingerprints and/or handwriting, to identify who handled and/or mailed the package; and

g.    Items used to conceal controlled substances and/or proceeds.

ATTACHMENT B-1
USAO# 2025R00783

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **ATTACHMENT B-2**

Items to be Seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section(s) 841(a)(1) and 843(b), and Title 18, United States Code, Section 1716:

b. Controlled substances including, but not limited to, cocaine, fentanyl, heroin, lysergic acid diethylamide, marijuana, methamphetamine, 3,4-methylenedioxy-methamphetamine, steroids, synthetic opiates, and any other controlled substance listed in the Drug Enforcement Administration Scheduling of Controlled Substances; as well as any precursor chemicals or substances used to manufacture controlled substances;

b. Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

c. Controlled substance-related paraphernalia;

d. Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e. Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing;

f. Fingerprints and/or handwriting, to identify who handled and/or mailed the package; and

g. Items used to conceal controlled substances and/or proceeds.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PO Box 68727
Seattle, WA 98168
(206) 787-3490

# Port of Seattle Police Department
## Canine Affidavit



### Training and Experience

I am a commissioned Police Officer for the Port of Seattle Police Department and have been employed since October 7, 2000. I am currently assigned as a Narcotics Detective with the Port of Seattle Police Department. From 2004 through 2016, I was assigned as a Task Force Officer of the United States Drug Enforcement Administration (DEA) and conducted investigations in violation of USC Title 18. My current and past duties include investigating federal and state narcotics violations within the jurisdiction of the Port of Seattle, the County of King, State of Washington, and the United States.

I am a graduate of the Basic Police Academy provided by Washington State Criminal Justice Training Commission. I have received over 200 hours of classroom training including but not limited to, drug identification, drug interdiction, detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, cultivation, manufacturing and illicit trafficking of controlled substances. I have completed the two-week basic narcotics investigations course with the Drug Enforcement Administration, and I have received nationally recognized narcotics training provided by the International Narcotics Interdiction Association (INIA) as well as the California Narcotics Officers Association (CNOA).

By virtue of my assignment as a Narcotics Detective, I am authorized to conduct investigations into violations of the Controlled Substances Act. In doing so, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to complex international conspiracies. Because of this experience and training, I am familiar with common methods of investigating drug trafficking organizations, and have become familiar with the methods of operation of drug traffickers, including, but not limited to, their methods of importing, exporting, storing, concealing, and packaging drugs; their methods of transferring and distributing drugs; their use of cellular telephones, telephone pagers, emails, and other electronic means of communication to further their narcotics trafficking activities; and their use of numerical codes, code words, counter-surveillance, and other methods of avoiding detection by law enforcement. I am also familiar with the various methods of packaging, delivering, transferring, laundering, and expatriating drug proceeds. Further, based on my experience I am familiar with the odor of cannabis.

I have participated in the execution of over 200 narcotics search warrants and made over 500 arrests for the Violation of the Uniformed Controlled Substance Act. Most commonly, these warrants authorize the search of locations ranging from the residences of drug traffickers and their coconspirator/associates, to locations used to manufacture, distribute and hide narcotics and drug proceeds. Materials searched for and often recovered in these locations include packaging materials, manufacturing items, scales, weapons, documents and papers reflecting the distribution of controlled substances and the identity of coconspirator associates, and papers evidencing the receipt, investment, and concealment of narcotics and proceeds derived from the distribution of controlled substances will be located within the above residence and vehicles.

In addition, I have participated in over 500 drug interdiction investigations at SeaTac International Airport. I have training and experience analyzing and deciphering travel patterns and itineraries, including that of the general public and characteristics indicative of criminal activity.

PO Box 68727
Seattle, WA 98168
(206) 787-3490

# Port of Seattle Police Department
## Canine Affidavit



### Canine Qualifications

I'm currently assigned to the Port of Seattle Police Narcotics Unit and handle a narcotics canine as a collateral duty. In November 2010, I completed the state mandated requirement of 200 hours of canine narcotics specific training and met the canine performance standards set by the Washington Administrative Code (W.A.C.) 139-05-915 for the Narcotic Dog Handler (General Detection). My training consists of over 400 hours of training in the classroom as well as practical applications, which covered all areas specified by W.A.C.

In 2010 Canine "Caro" and I were certified as a team by the Washington State Police Canine Association. The WSPCA is an organization with voluntary membership to improve training and effectiveness of canine teams statewide. The WSPCA certification is also voluntary with more stringent standards than the state requirement. The substances trained on by the team are cocaine, heroin, methamphetamine, and cannabis/hashish. Canine Caro and I were recertified as a team in 2013 and in 2015 by the Pacific Northwest Police Detection Dog Association. PNPDDA is also an organization with voluntary membership to improve training and effectiveness of canine teams working in the Pacific Northwest. The substances trained on by the team are cocaine, heroin, methamphetamine and cannabis. Caro and I again recertified on February 6, 2018, through the Washington State Criminal Justice Training Commission meeting the standards set forth by WAC 139-05-915. In January 2019 canine "Caro" was retired from service and replaced with Narcotics Detection canine "Poncho".

In January 2019, I attended an 80-hour narcotics detection canine course provided by Southern Coast K9 meeting the requirements set forth by WAC 139-05-915 and the Washington State Criminal Justice Training Commission (CJTC). On January 16, 2019, Canine Poncho and I were certified as a team through the American Detection Canine Association meeting the standards set forth by the United States Police K9 Association. On January 30, 2019, canine Poncho and I also certified as a team through the Washington State CJTC meeting the standards set forth by WAC 139-05-915 and CJTC policy. On March 20, 2020, Poncho and I were re-certified as a team again team through the Washington State CJTC meeting the standards set forth by WAC 139-05-915 and CJTC policy.

On April 26, 2021, K9 Poncho and I were certified by the Washington State Police Canine Association. The WSPCA is an organization with voluntary membership to improve training and effectiveness of canine teams statewide. The WSPCA certification is also voluntary with more stringent standards than the state requirement. The substances trained on by the team are cocaine, heroin, methamphetamine, and cannabis/hashish. On the same date Poncho and I also recertified as a team through the Washington State CJTC again meeting the standards set forth by WAC 139-05-915 and CJTC policy. K9 Poncho and I recertified for a fourth time as a team on December 22, 2022, through the Washington State CJTC meeting the standards set forth by WAC 139-05-915 and CJTC policy.

On May 21, 2024, Poncho and I again recertified through the Washington State Police Canine Association (WSPCA) and the Washington State CJTC again meeting the standards set forth by WAC 139-05-915 and CJTC policy.

On November 20, 2024, Poncho and I imprinted on fentanyl odor, which is now a required and recognized odor by the Washington State CJTC. On November 20, 2024, Poncho and I certified through the Washington State Police Canine Association (WSPCA) and the Washington State CJTC again meeting the



**Port of Seattle Police Department**
**Canine Affidavit**

PO Box 68727
Seattle, WA 98168
(206) 787-3490

standards set forth by WAC 139-05-915 and CJTC policy. Poncho is now certified on cocaine, heroin, methamphetamine, fentanyl, and cannabis.

Poncho is a passive alert canine. "Poncho" is trained to give a "sit response" after having located the specific origin where the narcotics odor is emitting from. The handler is trained to recognize the changes of behavior the canine exhibits when it begins to detect the odor of narcotics.   The odor can be emitting from the controlled substance itself, or it can be absorbed into items such as currency, clothing, containers, packaging material, etc.  Narcotic smelling canines such as "Poncho" have an inherently keen sense of smell and will continue to alert on the container or item depending on the length of exposure to the controlled substance, and the amount of ventilation the item is exposed to.

Poncho's reward for finding narcotics / narcotic related items is a rubber ball.  Poncho and I continue to train on a regular basis to maintain our proficiency as a team.
On-going training includes:
- Training in all areas of interdiction, such as vehicles, boats, truck tractor and trailers, schools, currency, parcels and mail, airports and airplanes, bus and bus depots, storage units, residences, trains and train depots, prisons, motels, apartments, etc.
- Training on various quantities of controlled substances, ranging from grams to ounces, and pounds when available.
- Training on novel odors, such as odors that are distracting, masking, or new.
- Training on controlled negative (blank) testing, in which all objects or locations have no contraband present
- Training in "Double Blind" scenarios
- Extinction training, which proofs the dog and prevents him from alerting to common items associated with controlled substances, such as plastic bags, etc.

I maintain both training logs and field activity/application reports.  Both are available for review upon request.

Canine Poncho is trained and certified to detect the presence of cannabis, heroin, methamphetamine, fentanyl, and cocaine. Canine Poncho cannot communicate which of these substances he has detected. Canine Poncho can detect minuscule amounts of these four substances and cannot communicate whether the detected substance is present as residue or in measurable amounts. Despite these limitations, canine Poncho's alert provides probable cause to believe that evidence of a Violation of a Uniform Controlled Substance Act may be found where the canine provides a positive alert for the odor of controlled substances.

<u>Details of Investigation</u>

On August 11, 2025, US Postal Inspector Workman contacted me and requested the use of K9 Poncho to conduct a sniff of a US Postal priority mail package suspected of containing controlled substances or proceeds of controlled substance.  The parcel was identified as US Priority Mail Parcel ER 121 655 647 US.  The parcel listed the shipper as Francis Noriega at PO Box 10817, Newport Beach, CA 92658.  The parcel was addressed to Bruce Hawes at 2730 93rd St CT S., Lakewood, WA 98499

Inspector Workman placed the parcel in a sterile area of US postal facility warehouse out of view of K9 Poncho and I.  I directed Poncho to conduct an off-leash search of the warehouse.  As K9 Poncho approached the area where the parcel had been placed, I observed him place his nose directly on the

<table>
<tr><td>PO Box 68727<br>Seattle, WA 98168<br>(206) 787-3490</td><td><h2>Port of Seattle Police Department<br>Canine Affidavit</h2></td><td></td></tr>
</table>

parcel and sit. When Poncho "sits" it is a final response that he has detected the odor of controlled substances.

I certify under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Cory W. Stairs
Port of Seattle Police
Criminal Investigations Unit
Drug Interdiction Unit/K9

_____                    ____5/11/25____
Signature                                                              Date



PO Box 68727
Seattle, WA 98168
(206) 787-3490

**Port of Seattle Police Department**
**Canine Affidavit**

### Training and Experience

I am a commissioned Police Officer for the Port of Seattle Police Department and have been employed since October 7, 2000. I am currently assigned as a Narcotics Detective with the Port of Seattle Police Department. From 2004 through 2016, I was assigned as a Task Force Officer of the United States Drug Enforcement Administration (DEA) and conducted investigations in violation of USC Title 18. My current and past duties include investigating federal and state narcotics violations within the jurisdiction of the Port of Seattle, the County of King, State of Washington, and the United States.

I am a graduate of the Basic Police Academy provided by Washington State Criminal Justice Training Commission. I have received over 200 hours of classroom training including but not limited to, drug identification, drug interdiction, detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, cultivation, manufacturing and illicit trafficking of controlled substances. I have completed the two-week basic narcotics investigations course with the Drug Enforcement Administration, and I have received nationally recognized narcotics training provided by the International Narcotics Interdiction Association (INIA) as well as the California Narcotics Officers Association (CNOA).

By virtue of my assignment as a Narcotics Detective, I am authorized to conduct investigations into violations of the Controlled Substances Act. In doing so, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to complex international conspiracies. Because of this experience and training, I am familiar with common methods of investigating drug trafficking organizations, and have become familiar with the methods of operation of drug traffickers, including, but not limited to, their methods of importing, exporting, storing, concealing, and packaging drugs; their methods of transferring and distributing drugs; their use of cellular telephones, telephone pagers, emails, and other electronic means of communication to further their narcotics trafficking activities; and their use of numerical codes, code words, counter-surveillance, and other methods of avoiding detection by law enforcement. I am also familiar with the various methods of packaging, delivering, transferring, laundering, and expatriating drug proceeds. Further, based on my experience I am familiar with the odor of cannabis.

I have participated in the execution of over 200 narcotics search warrants and made over 500 arrests for the Violation of the Uniformed Controlled Substance Act. Most commonly, these warrants authorize the search of locations ranging from the residences of drug traffickers and their coconspirator/associates, to locations used to manufacture, distribute and hide narcotics and drug proceeds. Materials searched for and often recovered in these locations include packaging materials, manufacturing items, scales, weapons, documents and papers reflecting the distribution of controlled substances and the identity of coconspirator associates, and papers evidencing the receipt, investment, and concealment of narcotics and proceeds derived from the distribution of controlled substances will be located within the above residence and vehicles.

In addition, I have participated in over 500 drug interdiction investigations at SeaTac International Airport. I have training and experience analyzing and deciphering travel patterns and itineraries, including that of the general public and characteristics indicative of criminal activity.

<table>
<tr><td>PO Box 68727<br>Seattle, WA 98168<br>(206) 787-3490</td><td><strong>Port of Seattle Police Department<br>Canine Affidavit</strong></td><td></td></tr>
</table>

## Canine Qualifications

I'm currently assigned to the Port of Seattle Police Narcotics Unit and handle a narcotics canine as a collateral duty. In November 2010, I completed the state mandated requirement of 200 hours of canine narcotics specific training and met the canine performance standards set by the Washington Administrative Code (W.A.C.) 139-05-915 for the Narcotic Dog Handler (General Detection). My training consists of over 400 hours of training in the classroom as well as practical applications, which covered all areas specified by W.A.C.

In 2010 Canine "Caro" and I were certified as a team by the Washington State Police Canine Association. The WSPCA is an organization with voluntary membership to improve training and effectiveness of canine teams statewide. The WSPCA certification is also voluntary with more stringent standards than the state requirement. The substances trained on by the team are cocaine, heroin, methamphetamine, and cannabis/hashish. Canine Caro and I were recertified as a team in 2013 and in 2015 by the Pacific Northwest Police Detection Dog Association. PNPDDA is also an organization with voluntary membership to improve training and effectiveness of canine teams working in the Pacific Northwest. The substances trained on by the team are cocaine, heroin, methamphetamine and cannabis. Caro and I again recertified on February 6, 2018, through the Washington State Criminal Justice Training Commission meeting the standards set forth by WAC 139-05-915. In January 2019 canine "Caro" was retired from service and replaced with Narcotics Detection canine "Poncho".

In January 2019, I attended an 80-hour narcotics detection canine course provided by Southern Coast K9 meeting the requirements set forth by WAC 139-05-915 and the Washington State Criminal Justice Training Commission (CJTC). On January 16, 2019, Canine Poncho and I were certified as a team through the American Detection Canine Association meeting the standards set forth by the United States Police K9 Association. On January 30, 2019, canine Poncho and I also certified as a team through the Washington State CJTC meeting the standards set forth by WAC 139-05-915 and CJTC policy. On March 20, 2020, Poncho and I were re-certified as a team again team through the Washington State CJTC meeting the standards set forth by WAC 139-05-915 and CJTC policy.

On April 26, 2021, K9 Poncho and I were certified by the Washington State Police Canine Association. The WSPCA is an organization with voluntary membership to improve training and effectiveness of canine teams statewide. The WSPCA certification is also voluntary with more stringent standards than the state requirement. The substances trained on by the team are cocaine, heroin, methamphetamine, and cannabis/hashish. On the same date Poncho and I also recertified as a team through the Washington State CJTC again meeting the standards set forth by WAC 139-05-915 and CJTC policy. K9 Poncho and I recertified for a fourth time as a team on December 22, 2022, through the Washington State CJTC meeting the standards set forth by WAC 139-05-915 and CJTC policy.

On May 21, 2024, Poncho and I again recertified through the Washington State Police Canine Association (WSPCA) and the Washington State CJTC again meeting the standards set forth by WAC 139-05-915 and CJTC policy.

On November 20, 2024, Poncho and I imprinted on fentanyl odor, which is now a required and recognized odor by the Washington State CJTC. On November 20, 2024, Poncho and I certified through the Washington State Police Canine Association (WSPCA) and the Washington State CJTC again meeting the

PO Box 68727
Seattle, WA 98168
(206) 787-3490

# Port of Seattle Police Department
## Canine Affidavit



standards set forth by WAC 139-05-915 and CJTC policy. Poncho is now certified on cocaine, heroin, methamphetamine, fentanyl, and cannabis.

Poncho is a passive alert canine. "Poncho" is trained to give a "sit response" after having located the specific origin where the narcotics odor is emitting from. The handler is trained to recognize the changes of behavior the canine exhibits when it begins to detect the odor of narcotics. The odor can be emitting from the controlled substance itself, or it can be absorbed into items such as currency, clothing, containers, packaging material, etc. Narcotic smelling canines such as "Poncho" have an inherently keen sense of smell and will continue to alert on the container or item depending on the length of exposure to the controlled substance, and the amount of ventilation the item is exposed to.

Poncho's reward for finding narcotics / narcotic related items is a rubber ball. Poncho and I continue to train on a regular basis to maintain our proficiency as a team.
On-going training includes:
- Training in all areas of interdiction, such as vehicles, boats, truck tractor and trailers, schools, currency, parcels and mail, airports and airplanes, bus and bus depots, storage units, residences, trains and train depots, prisons, motels, apartments, etc.
- Training on various quantities of controlled substances, ranging from grams to ounces, and pounds when available.
- Training on novel odors, such as odors that are distracting, masking, or new.
- Training on controlled negative (blank) testing, in which all objects or locations have no contraband present
- Training in "Double Blind" scenarios
- Extinction training, which proofs the dog and prevents him from alerting to common items associated with controlled substances, such as plastic bags, etc.

I maintain both training logs and field activity/application reports. Both are available for review upon request.

Canine Poncho is trained and certified to detect the presence of cannabis, heroin, methamphetamine, fentanyl, and cocaine. Canine Poncho cannot communicate which of these substances he has detected. Canine Poncho can detect minuscule amounts of these four substances and cannot communicate whether the detected substance is present as residue or in measurable amounts. Despite these limitations, canine Poncho's alert provides probable cause to believe that evidence of a Violation of a Uniform Controlled Substance Act may be found where the canine provides a positive alert for the odor of controlled substances.

<u>Details of Investigation</u>

On August 11, 2025, US Postal Inspector Workman contacted me and requested the use of K9 Poncho to conduct a sniff of a US Postal priority mail package suspected of containing controlled substances or proceeds of controlled substance. The parcel was identified as US Priority Mail Parcel ER EI 494 203 677 US. The parcel listed the shipper as Robert Sheridan at 9812 Double Rock Drive, Las Vegas, Nevada 89134. The parcel was addressed to Bruce Hawes at 2730 93rd St CT S., Lakewood, WA 98499.

Inspector Workman placed the parcel in a sterile area of US postal facility warehouse out of view of K9 Poncho and I. I directed Poncho to conduct an off-leash search of the warehouse. As K9 Poncho approached the area where the parcel had been placed, I observed him place his nose directly on the



**Port of Seattle Police Department**
**Canine Affidavit**

PO Box 68727
Seattle, WA 98168
(206) 787-3490

parcel and sit. When Poncho "sits" it is a final response that he has detected the odor of controlled substances.

I certify under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Cory W. Stairs
Port of Seattle Police
Criminal Investigations Unit
Drug Interdiction Unit/K9

_____
Signature

_____8/11/25_____
Date